**UNITED STATES DISTRICT COURT**
FOR THE
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Chambers of**<br>**PATRICK J. SCHILTZ**<br>**DISTRICT JUDGE** | Warren E. Burger United States Courthouse<br>316 North Robert Street<br>St. Paul, Minnesota 55101<br>(651) 848-1900 |

June 25, 2008

Mr. Stuart L. Goldenberg
Goldenberg & Johnson
33 South 6th Street - Suite 4530
Minneapolis, MN 55402

Mr. Patrick D. Reilly
Ms. Kristy A. Saum
Erstad & Riemer
8009 34th Avenue South - Suite 200
Minneapolis, MN 55425

Re: *Candy Klein v. Hasbro, Inc.*
Case No. 07-CV-3091 (PJS/RLE)

Dear Counsel:

I have reviewed your letters of June 24, 2008.

I remain confused about why Hasbro has filed both a motion for a temporary restraining order ("TRO") and a motion for sanctions. As I understand the motions, they both arise out of the same alleged violation of the protective order, and they both seek substantially the same relief.

In this District, non-dispositive matters (including disputes over protective orders) are heard in the first instance by the magistrate judge and then on appeal by the district judge. Parties commonly accuse each other of violating protective orders. Those disputes are invariably presented to the magistrate judge. I have never heard of a party using a TRO motion to ask a district judge to temporarily amend or enforce or impose sanctions for violating a protective order before the magistrate judge who entered that protective order has even had a chance to determine whether it has been violated. This seems to me to be a poor way of proceeding.

I have no intention of issuing any rulings regarding this dispute until it has first been considered by Judge Erickson. If Hasbro believes that its motion for sanctions is urgent, it can ask Judge Erickson for an expedited hearing. After Judge Erickson rules on the motion, either side can, of course, appeal his ruling to me and seek an expedited decision. In the meantime, I suggest that Hasbro withdraw its motion for a TRO and proceed on its motion for sanctions. If it declines to do so, I will simply hold the motion for a TRO in abeyance. The plaintiff need not file any papers with respect to the motion for a TRO until and unless I ask her to do so.

Sincerely,

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge